

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA ALEXANDRIA DIVISION

| | |
|---|---|
| **MARK RICE**, a Wisconsin resident, )<br>)<br>) | |
| **Plaintiff,** )<br>) | **CIVIL ACTION** |
| **v.** )<br>)<br>) | **FILE NO.** 1:22cv587 |
| )<br>) | |
| )<br>) | **JURY TRIAL** |
| **<ivote.com>** a domain name )<br>)<br>)<br>)<br>)<br>) | **DEMANDED** |
| **Defendant,** ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, CYBERSQUATTING, UNFAIR COMPETITION, UNJUST ENRICHMENT, AND CONTRIBUTORY INFRINGEMENT

Plaintiff Mark Rice ("Rice" or "Plaintiff") hereby files this Complaint against Defendant <ivote.com> ("Defendant Domain Name") and respectfully

1

shows the Court as follows:

## PARTIES

### 1.

Plaintiff Mark Rice ("Rice") can be reached at 2219 Sheridan Road #116, Kenosha, Wisconsin 53140. Rice is a resident of the State of Wisconsin.

### 2.

<ivote.com> is an Internet domain name registered through domain name registrar Godaddy, utilizing a privacy service. A true and accurate copy of the WHOIS registration record for the <ivote.com> domain name is attached hereto as Exhibit 1.

## <u>NATURE OF ACTION</u>

### 3.

This is an action against the <ivote.com> domain name based on the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Rice's claim stems from the cybersquatting of <ivote.com>, which is in violation of the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). "Cybersquatting occurs when a party registers or uses a trademark owner's mark as a domain name with the bad-faith intent to profit from the sale or use of the domain name." Verisign, Inc. v. Verisignns.com, Civil Action No. 1:19-cv-0680 (CMH/IDD), 2019 U.S. Dist. LEXIS 226370, at *1-2 (E.D. Va. Oct. 3, 2019). This

action also asserts a claim of trademark infringement under Section 32 of the

Lanham Act, 15 U.S.C. § 1114. Rice seeks injunctive relief and the transfer of the

Defendant Domain Name.

## JURISDICTION

### 4.

The United States District Court Eastern District of Wisconsin issued an

ORDER dated April 29, 2022, (Exhibit 2), confirming Rice has not been able to

identify the person or entity responsible for registering <iVote.com>. Rice has used

due diligence to find the registrant to no avail. As part of that effort, Rice searched

the domain name's "WHOIS" record and found that the domain name is registered

to "GoDaddy", used to hide a registrant's identify. ("WHOIS search results for:

<iVote.com>). "WHOIS" is a database consisting of, inter alia, a registrant's name

and address. See, e.g., CNN L.P. v. CNNews.com, 162 F. Supp. 2d 484, 488 (E.D.

Va. 2001), aff'd in part and vacated in part, 56 F. App'x 599 (4th Cir. 2003).  Rice

also searched the "WHOIS" search results from the website "who.godaddy.com,"

which is an example of an accredited registrar.  According to that website,

"WHOIS database is a searchable list of every single domain currently registered

in the world…The Internet Corporation of Assigned Names and Numbers

(ICANN) requires accredited registrars…to publish the registrant's contact

information, domain creation and expiration dates and other information in the

WHOIS listing as soon as a domain is registered. Poli-Tech Solutions, LLC ("Poli-Tech") used the domain name <ivote.com> and used the hidden mechanism of being an unknown registrant to anonymously register the domain name with the bad faith intent to profit or otherwise trade on Plaintiff's rights in his mark, iVote. Rice has made efforts to notify possible defendant Poli-Tech in this case, but no defendant has appeared.

**5.**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, 1338 (a). Upon information and belief, this Court has *in rem* jurisdiction over the Defendant Domain Name pursuant to 15 U.S.C. § 1125(d)(2)(A). Rice, through due diligence, has not yet been able to find a person who would have been a defendant because the identity of the registrant of the Defendant Domain Name is concealed by a privacy service. 15 U.S.C. § 1125(d)(2)(A)(ii).

**6.**

This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, because this case arises under the ACPA, 15 U.S.C. § 1125(d), and Lanham Act, 15 U.S.C. § 1114, which are federal laws.

**7.**

This Court has personal jurisdiction over the Defendant because Defendant intentionally engaged in conduct that damaged and continues to damage Rice. Defendant created the necessary contacts with Virginia, by obtaining the <ivote.com> domain name from VeriSign, the domain name registry operator, located in Virginia.

**8.**

The Court has in rem jurisdiction over <ivote.com> pursuant to 15 U.S.C. § 1125(d)(2)(A). On information and belief, Defendant provided the domain name registrar, GoDaddy Inc., with false contact information. Upon emailing the email address provided by the domain name's source code, Rice received a notice in response that the email address does not exist. Rice may be unable to obtain in personam jurisdiction over Defendant. Accordingly, in rem jurisdiction over <ivote.com> will be appropriate.

**9.**

Rice used three (3) contact resources as provided by Godaddy to reach the owner of the domain, <ivote.com>. On May 2, 2022, Rice submitted a "Domain Holder Contact Request Form" on the Godaddy Whois link for the domain iVote to the "Registrant" and gave the reason for contact as "Domain name or content is

infringing on a trademark or violating local laws or regulations". Rice never received any response back from the "Registrant" of the domain iVote. On May 2, 2022, Rice submitted a "Domain Holder Contact Request Form" on the Godaddy Whois link for the domain iVote to the "Technical" and gave the reason for contact as "Domain name or content is infringing on a trademark or violating local laws or regulations". Rice never received any response back from the "Technical" of the domain iVote. On May 2, 2022, Rice submitted a "Domain Holder Contact Request Form" on the Godaddy Whois link for the domain iVote to the "Admin" and gave the reason for contact as "Domain name or content is infringing on a trademark or violating local laws or regulations". Rice never received any response back from the "Admin" of the domain iVote.

## 10.

Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim at issue in this litigation occurred in this judicial district. Venue is also proper under 15 U.S.C. § 1125(d)(2)(C)(i). Under 15 U.S.C. § 1125(d)(2)(C)(i), a domain name is deemed to have its situs in the judicial district in which the domain name registrar, registry, or other domain name authority that registered or assigned the domain name is located. VeriSign is the registry for all domain names in the ".com" top-level domain, and VeriSign's principal place of business is located in this judicial

district. Consequently, a situs of the <ivote.com> domain name is properly deemed
to be within this judicial district.

### 11.

This is an action for trademark infringement, dilution, cybersquatting,
unfair competition, and contributory infringement under the Federal Trademark
Act of 1946 (15 USC 1051 et seq., "Lanham Act"). Specifically, the action arises
under Section 32(1) of the Act (15 USC 1114(1)), and the Anti-Cybersquatting
Consumer Protection Act (15 USC 1125,"ACPA") (and seeks relief under the
Section and under Sections 34 and 35 of the Act (15 USC 1116, 1117); and
trademark infringement, unfair competition, and unjust enrichment.

### 12.

This Court has jurisdiction pursuant to Section 39 of the Act (15 USC1121)
and pursuant to 28 USC 1338 (a)(b). This Court has subject matter jurisdiction
over all causes of action set forth herein pursuant to 28 U.S.C. § 1331, 1338(b),
and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367,
because this action arises under the Lanham Act, Title 15, Chapter 22, United
States Code, including 15 U.S.C. § 1114 and 1125(a) et seq.

## STATEMENT OF FACTS

### 13.

Rice is engaged in the production of digital platforms and accessories. One particular theme that encompasses Rice's business is an "iPresident®" and "iVote®" theme. Since 2012, Rice has introduced and trademarked iPresident®", and "iVote®". Rice is engaged in the production of digital content using the platform iPresident of the United States and a multitude of sister platforms that explore real issues – real people and gives participants a voice using the intellectual property "iVote®" in polls, balloting, voting functions and opinions nationwide. Within the global reach of Rice's platforms, Rice has knitted together the intellectual properties of both iPresident® and iVote® to establish excellence in educational and political voices by students, families, schools and communities. Rice's iVote® is used nationwide to give voice and a message that connects and resonates with consumers using news, entertainment, and education to reach all demographics and ethnicities.  iVote® is one mechanism used by Rice to authenticate confirmed data, statistics and documented facts to present a quick understanding of local, regional, national and worldwide events that impact students.

### 14.

Since 2007, Rice has been engaged in managing and owning the intellectual

property "iVote®" with games, clothing and digital content on multiple platforms reaching consumers throughout the United States and foreign countries. Since 2012, Rice has been engaged in the development of multiple digital platforms and accessories with the "iPresident®" and "iVote®" theme, one such platform being "iPresident of the United States", and such development has extended throughout the United States and foreign countries.

### 15.

Since 2012, Rice has developed platforms and accessories with both "iPRESIDENT®" and "iVOTE®" as part of his digital line. Rice is also introducing an additional series of platforms and accessories with the heading "iPRESIDENTiVOTE", "iGOVERNORS" and "iREPRESENTATIVES" as the additional themes. Platforms developed include: www.iPresidentoftheUnitedStates.com, www.iPresident.com, www.iRepresentatives.com, www.iPresidentivote.com.  In development are platforms: www.iPresidentiVotes.com, www.iVoteforAmerica.com, www.iVoteforiPresident.com, www.iVoteforPresident.com, and www.iVotePresident.com.

### 16.

Rice filed an application with the United States Patent and Trademark Office ("USPTO") for the mark "iVote®" on May 13, 2014, for classification

041, and on October 20, 2015, Rice was granted Registration No. 4834518 for the trademark "iVote®". Rice filed an application with the United States Patent and TrademarkOffice ("USPTO") for the mark "iVote®" on January 23, 2016, for classification 042, and on January 23, 2018, was granted Registration No. 5383209 for the trademark "iVote®". Rice filed an application with the United States Patent and TrademarkOffice ("USPTO") for the mark "iVote®" on April 17, 2008, for classification 009, and on July 23, 2019, was granted Registration No. 5810185 for the trademark "iVote®". Rice filed an application with the United States Patent and TrademarkOffice ("USPTO") for the mark "iVote®" on September 29, 2017, for classification 025, and on February 5, 2019, was granted Registration No. 5671667 for the trademark "iVote®".

## 17.

In accordance with the provisions of 15 USC 1111, Rice's trademarks,as displayed on Rice's digital platforms and accessories, is accompanied by the letter ® enclosed within a circle to provide notice that the trademarks have been registered. The iVOTE® mark is inherently distinctive and/or has acquired distinctiveness, signifying Plaintiff's fame and respected reputation throughout the United States and abroad, particularly in the educational and political marketplace. True and accurate representations of digital use bearing the iVOTE® mark is attached hereto as Exhibit 3 and incorporated by reference.

**18.**

Rice has built his image and digital platforms on the foundation of websites, digital interactive tools, and accessories with the "iVOTE®" theme. Rice has used the "iVOTE®" in association with digital content and licensing agreements that extend the brand and trade name beyond digital platforms.

**19.**

Rice has developed digital platforms that reach consumers nationwide, in addition to thousands of digital views on social media, one such being YouTube.

**20.**

Since 2012 Rice has been the developer of "iVOTE®" platforms. The goodwill associated with it are of considerable value to Plaintiff.

**21.**

Rice was the first person to use the trademark "iVOTE®" or any trademark similar to it, in association with digital platforms, websites, and accessories under the classifications 009, 025, 041, and 042, otherwise known as "interactive software", "websites", "online non-downloadable software", and "t shirts". As a result of the continued development by Rice of digital platforms and accessories under the trademark "iVOTE®" since 2012, the trademark has

become widely known and Rice has become identified in the public mind as the developer of the digital platforms and accessories to which it is applied. Based upon its federal trademark registrations and extensive use, Rice owns the exclusive right to use the iVOTE® mark in connection with digital content, education and politics, among other goods and services.

## 22.

As a result of the long experience, care and skill of Rice in developing digital platforms and accessories under the trademark "iVOTE®", it has not only become widely known, but has also acquired a reputation for excellence.

## 23.

Plaintiff has built up and now has valuable good will connected with its business, and this good will is symbolized by Rice's trademark.

## 24.

Rice has widely advertised and promoted in interstate commerce its digital platforms and accessories, identified by the above-mentioned trademark, expending substantial sums in such advertising and promotion. Among other things, Plaintiff uses the iVOTE® Mark to advertise and market its product over the internet.

## 25.

On information and belief, beginning on or about early 2021, Defendant

began trading off of Rice's mark "iVOTE®" by using a domain name with the identical name, www.ivote.com. A true and correct copy of Defendant's use in digital content is attached hereto as Exhibit "4". Defendant is not authorized to use Rice's iVOTE® trademark. Defendant's use of the iVOTE mark has resulted in confusion in the marketplace of consumers.

**26.**

In or about early 2021, long after the adoption and widespread use of the trademarks by Rice, and long after the trademarks had been registered in the United States Patent and Trademark Office, the defendant with intentional disregard of plaintiff's rights, began the use of a domain name bearing the trade name iVOTE to benefit from interstate commerce under the name that is exact to that of Rice, namely, "iVOTE®".

**27.**

For many years prior to the defendant's activities complained of herein, the defendant has known of the use of Rice's trademarks to identify Rice's platforms and accessories, and the defendant has had constructive notice under 15 USC 1072 of Rice's claim of ownership of Rice's trademarks for the digital platforms and accessories specified in the United States Registrations.

**28**.

By the use of the mark and name "iVOTE", the defendant is misleading

the public into believing that Defendant's website and services are associated

with Rice, thereby depriving Rice of the benefit of the good will attached to

Rice's digital platforms and accessories.

**29.**

The use of the mark "iVOTE" by the defendant is likely to induce

persons to connect, view, use and recommend the defendants services when

instead they intend to connect, view, use, and recommend Rice's digital

platforms and accessories. Such deception and mistake will cause great damage

to Rice and erode the goodwill that Rice has developed.

**30**.

In selecting and using the word "iVOTE" in connection with the sale,

offering for sale, raising funds, distribution, advertising, and promotion of

services, websites, digital platforms, the defendant has acted and is acting with

the purposes of taking the benefit of the favorable reputation and valuable good

will which Rice has established in its trademarks, and causing the digital

platforms and business of the defendant to be palmed off as developed,

authorized, sponsored, or endorsed by or otherwise connected with Rice.

**31.**

Rice is informed and believes, and based on such information and belief alleges, that the use by the defendant of Rice's trademark was, and is, deliberate, and that the defendant has used and continues to use Rice's trademark for the purpose of giving the defendant's website consumer appeal and salability, by usurping Rice's own reputation and good will, which the defendants website otherwise would not have.

**32.**

The defendant's use of the above name "iVOTE" on its domain site is likely to deceive consumers and/or website key word searches as to the source of the defendants' services, in that the trade and the public are likely to believe that the services promoted by the defendant originates with Rice or with a business which has a legitimate connection with Rice.

**33.**

The defendant's use of "iVOTE" on a domain name constitutes infringement of Rice's trademark.

**34.**

In addition to using the Infringing Mark, Domain Registrant Defendant is using the Infringing Name iVOTE which is identical to Rice's Mark. iVOTE is being used in connection with an Infringing Website.

**35**.

Domain Registrant Defendant is not affiliated with or sponsored by Rice and has not been given authorization by Rice to use the iVOTE® Mark or any confusingly similar to Rice's iVOTE® mark.

**36**.

Domain Registrant Defendant began using the Infringing Mark long after Rice's iVOTE® mark became famous.

**37.**

Rice has notified Domain Registrant Defendant of Rice's rights and demands, and Domain Registrant Defendant has ignored or rejected Rice's demands. Despite Rice's attempts to resolve this matter amicably, Domain Registrant Defendant continues to use the Infringing mark, Infringing Names, and/or Infringing Website in blatant disregard of Rice's trademark rights.

**38.**

Defendant's unauthorized use of iVOTE enables them to trade on and receive the benefit of goodwill built up at great labor and expense by Rice over many years, and to gain acceptance for their Infringing Websites, products, and/or services not solely on their own merits, but on the reputation and goodwill of Rice, his iVOTE® Mark, and his products and services.

**39.**

Defendant's unauthorized use of the iVOTE Mark is likely to cause dilution by blurring and dilution by tarnishment of Rice's famous iVOTE® mark.

**40.**

Defendant's unauthorized use of the iVOTE Mark unjustly enriches them at Rice's expense.

**41.**

Defendant's unauthorized use of iVOTE removes from Rice the ability to control the nature and quality of products and services provided under the iVOTE® Mark and places the valuable reputation and goodwill of Rice in the hands of Defendant, over whom Rice has no control.

**42.**

Unless these acts of Defendant is restrained by this Court, they will continue, and they will continue to cause irreparable injury to Rice and to the public for which there is no adequate remedy at law.

**43.**

As a result of the infringement of Rice's trademark, Rice has been damaged in the amount of the profits realized by the defendant from the sale of the web based services under the name "iVOTE".

**44.**

The acts of the defendant constitutes unfair competition and an infringement of Rice's common-law rights in the mark "iVOTE®".

**45.**

The exact amount of profits made by the defendant is a result of Defendant's infringement of Rice's trademark is unknown to Rice and cannot be ascertained without an accounting.

**46.**

Rice has no plain, speedy or adequate remedy at law.

## COUNT I

## <u>FEDERAL TRADEMARK INFRINGEMENT</u>

Paragraphs 1 through 46 are incorporated herein by reference as though fully set forth here.

**47.**

Upon information and belief, Defendant has unlawfully used marks that are confusingly similar and identical to the "iVOTE®" Mark and such use constitutes trademark infringement in violation of the Federal Trademark Act of 1946, specifically 15 USC 1114 (1) and of Plaintiff's trademark rights. As a result of Defendant's wrongful acts, Plaintiff is entitled to injunctive relief and other remedies under Federal law.

**48.**

Defendant's acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Rice's rights in the iVOTE® mark, and with intent to cause confusion and to trade on Rice's vast goodwill in the iVOTE® mark. In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. 1117(a).

## COUNT II

## <u>FEDERAL UNFAIR COMPETITION</u>

Paragraphs **1** through **48** are incorporated herein by reference as though fully set forth here.

**49.**

Plaintiff, by virtue of his prior adoption and use in interstate commerce of the "iVOTE®" Mark in this judicial district, has acquired, established, and owns common law trademark and service mark rights in the "iVOTE®" Mark, which serve to identify to the public certain goods and services that are offered by Plaintiff alone, and the goods and services offered in connection with the Mark are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or

affiliated with Plaintiff.

**50.**

Defendant has intentionally and unlawfully copied and used the "iVOTE" Mark, without authorization, for the calculated purpose of passing off their goods and services as those of Plaintiff, or trading upon the significant goodwill and reputation of Plaintiff, and of deceiving the public as to the true nature and characteristics of Defendant's production, all to Defendant's profit and to the damage and detriment of Plaintiff.

**51.**

Defendant's past and continued use of the "iVOTE" Mark constitutes copying and imitation of the "iVOTE®" Mark, falsely designates the origin of Defendant's goods and services, and is likely to cause consumer confusion, mistake or deception.

**52.**

Defendant's aforesaid acts constitute unfair competition with Plaintiff in violation of Plaintiff's rights at common law.

### COUNT III

### <u>VIOLATIONS OF 15 USC 1125(a)</u>

Paragraphs 1 through 52 are incorporated herein by reference as though

fully set forth here.

**53.**

The unauthorized use of Plaintiff's "iVOTE®" Mark by Defendant is in conjunction with its goods and services is a deliberate attempt to imitate unlawfully Plaintiff's Mark and brand name, but also an attempt to imply falsely Plaintiff's sponsorship of Defendant's platform, goods and services. Accordingly, the false, misleading and infringing activities of Defendant is likely to cause confusion among the general public and in the trade as to the origin or sponsorship of Defendant's infringing services.

**54.**

Defendant's aforesaid acts constitute a false designation of origin and false representation of goods and services introduced into interstate commerce, in violation of the Federal Trademark Act of 1946, specifically 15 USC 1125(a).

**55.**

Defendant's wrongful actions constitute unfair competition and are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

**56.**

By virtue of Defendant's violation of 15 U.S.C. 1125(a), Plaintiff is

entitled to an award of Defendant's profits, three times actual damages

sustained by Plaintiff, and the costs of this action, 15 U.S.C. 1111(a).

**57.**

By virtue of the allegations set forth above, Plaintiff is entitled to

injunctive relief pursuant to 15 U.S.C. 1116 and attorney's fees as provided

by 15 U.S.C. 1117(a).

## COUNT IV

## <u>DILUTION</u>

Paragraphs 1 through 57 are incorporated herein by reference as

though fully set forth here.

**58.**

The Defendant's aforesaid acts are likely to cause injury to the

business reputation of Rice and to dilute the distinctive quality of Plaintiff's

trademark and trade name.

**59.**

Defendant's use in commerce of the iVOTE mark is likely to cause

dilution by blurring and/or dilution by tarnishment of the famous iVOTE®

mark in violation of 15 U.S.C. 1125(c).

## COUNT V

## CYBERSQUATTING

Paragraphs 1 through 59 are incorporated herein by reference asthough fully set forth here.

**60.**

Rice's iVOTE® Mark was famous long prior to Defendant's use of the iVOTE name.

**61.**

The Infringing Name iVOTE is exact to and dilutive of Rice's iVOTE® Mark.

**62.**

Defendant registered and use of the iVOTE name with a bad faith intent to profit from the famous iVOTE® Mark owned by Rice.

**63.**

The acts of Defendant complained of herein constitute cybersquatting in violation of the Anti-cybersquatting Consumer Protection Act,15 U.S.C. 1125(d)(l).

**64.**

Defendant has used and acquired for purposes of transferring, selling, or otherwise assigning <ivote.com> to Rice or a third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services.

**65.**

The acts described here constitute unlawful cyberpiracy in violation of the ACPA.  Defendant's actions justify an award of statutory damages in an amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d).

**66.**

Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Rice is entitled to an order transferring the <ivote.com> registration to Rice.

**PRAYER FOR RELIEF**

WHEREFORE,  Plaintiff prays as follows:

a.  The defendant be required, pursuant to 15 USC 1117, to account to Rice for all profits realized by it as a result of the above- described trademark infringement;

b. The defendant pay over to Rice all the profits realized by the defendant's
from sales of services under the name "iVOTE";

Rice receives from the defendant all damages sustained by Rice as a result of
the infringement by the defendant's of Rice's trademark, as provided by 15
USC 1117;

c. The defendant and defendant's servants and agents, be enjoined during the
pendency of this action, and permanently thereafter, from selling, or offering
for sale, in the United States or foreign countries,services bearing the
trademark "iVOTE®".

d. Defendant be ordered to transfer the iVOTE Infringing Domain Name to
Rice, and that Defendant take all steps necessary to effect such transfer, or in
the alternative, the Court order the Defendants Domain Name iVOTE to be
transferred to Rice; Ordering the transfer of <ivote.com>, as provided in 15
U.S.C. § 1125(d)(1)(C);

e. Rice have and recover from the defendant treble the damages sustained by
Rice, as provided by 15 USC 1117;

f. Awarding Prudential a money judgment for Defendant's profits and Prudential's
damages pursuant to 15 U.S.C. § 1117;

g. Rice receive his costs incurred in this action;

h. Rice receive such other and further relief as may be just and proper;

and

i. Demand for a jury trial.

DATED this ____17____ day of ____May____, 2022.

_____
Mark Rice, Pro Se
2219 Sheridan Road #116
Kenosha, WI. 53140
770-844-5678
chiefofstaffiprez@gmail.com

## VERIFICATION

I, Mark Rice, under penalty of perjury of the laws of the United States declares:

That I am said individual Mark Rice and am the owner of the iVOTE® trademark under classifications 009, 025, 041 & 042; that I have read, am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within his personal knowledge, that the facts stated therein have been assembled by myself, and that I am informed and believe that the facts stated therein are true and correct.

This _____ day of _____, 2022.

Mark Rice